UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JOSEPH FIERRO,

                                  Plaintiff,

- against -

THE CITY OF NEW YORK, THE NEW YORK CITY DEPARTMENT OF EDUCATION, KETLER LOUISSANT, former principal, Brooklyn School for Career Development – P.S. K753, Special Education District 75, New York City Department of Education, in her individual and official capacities, DR. SUSAN EBER, Former Superintendent, Special Education District 75, Citywide Programs, New York City Department of Education, in her individual and official capacities, BONNIE BROWN, former Deputy Superintendent (and current Superintendent), Special Education District 75, Citywide Programs, New York City Department of Education, in her individual and official capacities, JOEL KLEIN, Chancellor, New York City Department of Education, in his individual and official capacities, THERESA EUROPE, Deputy Counsel to the Chancellor, New York City Department of Education, in her individual and official capacities, DENNIS BOYLES, Investigator, Office of Special Investigations, New York City Department of Education, in his individual and official capacities, THOMAS HYLAN, former Director, Office of Special Investigations, New York City Department of Education, in his individual and official capacities, and LORRAIN HAYNES, Personnel Manager, Region 3, New York City Department of Education, in her individual and official capacities,

                                  Defendants.

------------------------------------------------------------------------ x

**ANSWER OF DEFENDANTS**

08 CV 1837 (CPS)(SMG)

        Defendants, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its amended answer to the Complaint, respectfully alleges as follows:

        1.    Deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiff purports to proceed as set forth therein.

2. Deny the allegations set forth in paragraph "2" of the Complaint, except admit that plaintiff purports to proceed as set forth therein.

3. Deny the allegations set forth in paragraph "3" of the Complaint, except admit that plaintiff purports to proceed under the jurisdictional provisions as set forth therein.

4. Deny the allegations set forth in paragraph "4" of the Complaint, except admit that plaintiff purports to set forth the basis of venue in this paragraph.

5. Deny the allegations set forth in paragraph "5" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to plaintiff's residency and admit that plaintiff was assigned to P.S. K753 which is in District 75 of DOE from September, through December, 2005, that P.S. K753 is located at 510 Clermont Avenue, Brooklyn NY 11238, and that defendants Louissaint, Brown, Erber, Klein, Europe, and Haynes were employed by the Department of Education ("DOE").

6. Deny the allegations set forth in paragraph "6" of the Complaint, except admit that the City of New York ("City") is duly organized and existing under the Constitution and laws of the State of New York.

7. Deny the allegations set forth in paragraph "7" of the Complaint.

8. Deny the allegations set forth in paragraph "8" of the Complaint, except admit that Ketler Louissaint was employed by DOE as a Principal of a school within District 75 of the DOE.

9. Deny the allegations set forth in paragraph "9" of the Complaint, except admit that Susan Erber was employed by DOE as a Superintendent of District 75 of DOE.

10. Deny the allegations set forth in paragraph "10" of the Complaint, except admit that Bonnie Brown was employed by DOE as a Deputy Superintendent of District 75 of DOE.

11. Deny the allegations set forth in paragraph "11" of the Complaint, except admit that Joel Klein was, and is, the Chancellor of DOE.

12. Deny the allegations set forth in paragraph "12" of the Complaint, except admit that Theresa Europe was, and is, employed by DOE.

13. Deny the allegations set forth in paragraph "13" of the Complaint, except admit that Dennis Boyles was employed by DOE.

14. Deny the allegations set forth in paragraph "14" of the Complaint, except admit that Thomas Hylan was employed by DOE.

15. Deny the allegations set forth in paragraph "15" of the Complaint, except admit that Lorraine Haynes was employed by DOE.

16. Deny the allegations set forth in paragraph "16" of the Complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Complaint and respectfully refer the Court to the New York State Division of Human Rights determination, dated July 31, 2007 for a complete and accurate statement of its contents.

18. Deny the allegations set forth in paragraph "18" of the Complaint, except admit that P.S. K753 is part of DOE and is in District 75 of the DOE and that plaintiff worked at P.S. K753 from September, 2005, to December, 2005.

19. Deny the allegations set forth in paragraph "19" of the Complaint except deny knowledge or information sufficient to form a belief as to what plaintiff thinks he observed and admit that defendant Louissaint was the Principal of P.S. K753 during the Fall of 2005.

20. Deny the allegations set forth in paragraph "20" of the Complaint.

21. Deny the allegations set forth in paragraph "21" of the Complaint.

22. Deny the allegations set forth in paragraph "22" of the Complaint, except admit that plaintiff wrote a letter to Principal Louissaint in which he purported to report his observations and information pertaining to P.S. K753.

23. Deny the allegations set forth in paragraph "23" of the Complaint, except admit that plaintiff wrote a letter to Principal Louissaint in which he purported to report his school safety concerns pertaining to P.S. K753, and that the school was on the New York State list of persistently dangerous schools

24. Deny the allegations set forth in paragraph "24" of the Complaint, and respectfully refer the Court to the undated letter from plaintiff for a full and accurate statement of its contents.

25. Deny the allegations set forth in paragraph "25" of the Complaint except that Yvrose Pierre was an Assistant Principal at P.S. K753,.

26. Deny the allegations set forth in paragraph "26" of the Complaint, except admit that plaintiff initiated communication by either letter or e-mail with Mr. Louissaint, and respectfully refer the Court to plaintiff's communication for a full and accurate statement of its contents.

27. Deny the allegations set forth in paragraph "27" of the Complaint, except admit that plaintiff and Principal Louissaint met with each other, and that plaintiff was given a

letter signed by Deputy Superintendent Brown, directing him to meet with her on December 19, 2005.

28. Deny the allegations set forth in paragraph "28" of the Complaint, except admit that plaintiff and Deputy Superintendent. Brown had a meeting with plaintiff on or about December 19, 2005.

29. Deny the allegations set forth in paragraph "29" of the Complaint.

30. Deny knowledge and information concerning the allegations set forth in paragraph "30" of the Complaint.

31. Deny knowledge and information concerning the allegations set forth in paragraph "31" of the Complaint.

32. Deny the allegations set forth in paragraph "32" of the Complaint, except admit that a meeting was held on or about January 3, 2006, and that plaintiff, his union representative, Deputy Superintendent Brown, and Superintendent Erber attended that meeting.

33. Deny the allegations set forth in paragraph "33" of the Complaint, except admit that Superintendent Erber memorialized the January 3, 2006, meeting in a letter, dated January 6, 2006, and respectfully refer the Court to the cited letter for a true and accurate statement of its contents.

34. Deny knowledge and information concerning the allegations set forth in paragraph "34" of the Complaint.

35. Deny the allegations set forth in paragraph "35" of the Complaint, except admit that Deputy Superintendent Brown wrote plaintiff a letter, dated January 27, 2006, and that plaintiff's probationary services as an Assistant Principal were discontinued, and respectfully refer the Court to the cited letter for a full and accurate statement of its contents.

36. Deny the allegations set forth in paragraph "36" of the Complaint, except admit that Mr. Louissaint wrote plaintiff a letter, dated January 24, 2006, and that plaintiff protested the letter, and respectfully refer the Court to the cited letter for a full and accurate statement of its contents.

37. Deny knowledge and information concerning the allegations set forth in paragraph "37" of the Complaint.

38. Deny the allegations set forth in paragraph "38" of the Complaint, except admit that plaintiff met with investigators from the Office of Special Investigations in January, 2006, and that Bonnie Brown is Superintendent of District 75.

39. Deny the allegations set forth in paragraph "39" of the Complaint.

40. Deny the allegations set forth in paragraph "40" of the Complaint.

41. Deny the allegations set forth in paragraph "41" of the Complaint.

42. Deny knowledge and information concerning the undated visit alleged in paragraph "42" of the Complaint except admit that Richard J. Condon is the Special Commissioner for Investigation.

43. Deny the allegations set forth in paragraph "43" of the Complaint, except admit that effective February 3, 2006, plaintiff was reassigned to the Regional Operations Center in Flushing, Queens, and that Lorraine Hayes was the Human Resources Manager for DOE's Region 3, which Region is located in Queens, New York.

44. Deny the allegations set forth in paragraph "44" of the Complaint.

45. Deny the allegations set forth in paragraph "45" of the Complaint.

46. Deny the allegations set forth in paragraph "46" of the Complaint.

47. In response to paragraph "47" of the Complaint, Defendants repeat and re-allege their responses to paragraphs "1" through "46" of the Complaint as if fully set forth here.

48. Deny the allegations set forth in paragraph "48" of the Complaint.

49. In response to paragraph "49" of the Complaint, Defendants repeat and re-allege their responses to paragraphs "1" through "48" of the Complaint as if fully set forth here.

50. Deny the allegations set forth in paragraph "50" of the Complaint.

51. In response to paragraph "51" of the Complaint, Defendants repeat and re-allege their responses to paragraphs "1" through "50" of the Complaint as if fully set forth here.

52. Deny the allegations set forth in paragraph "52" of the Complaint.

53. In response to paragraph "53" of the Complaint, Defendants repeat and re-allege their responses to paragraphs "1" through "52" of the Complaint as if fully set forth here.

54. Deny the allegations set forth in paragraph "54" of the Complaint.

55. In response to paragraph "55" of the Complaint, Defendants repeat and re-allege their responses to paragraphs "1" through "54" of the Complaint as if fully set forth here.

56. Deny the allegations set forth in paragraph "56" of the Complaint.

57. In response to paragraph "57" of the Complaint, Defendants repeat and re-allege their responses to paragraphs "1" through "56" of the Complaint as if fully set forth here.

58. Deny the allegations set forth in paragraph "58" of the Complaint.

59. In response to paragraph "59" of the Complaint, Defendants repeat and re-allege their responses to paragraphs "1" through "58" of the Complaint as if fully set forth here.

60. Deny the allegations set forth in paragraph "60" of the Complaint.

61. Deny the allegations set forth in paragraph "61" of the Complaint.

62. In response to paragraph "62" of the Complaint, Defendants repeat and re-allege their responses to paragraphs "1" through "61" of the Complaint as if fully set forth here.

63. Deny the allegations set forth in paragraph "63" of the Complaint.

64. Deny the allegations set forth in paragraph "64" of the Complaint.

65. In response to paragraph "65" of the Complaint, Defendants repeat and re-allege their responses to paragraphs "1" through "64" of the Complaint as if fully set forth here.

66. Deny the allegations set forth in paragraph "66" of the Complaint.

**FOR A FIRST DEFENSE:**

67. The Complaint fails to state a claim against upon which relief can be granted.

**FOR A SECOND DEFENSE:**

68. This Court lacks jurisdiction, in whole or in part, over the Complaint.

**FOR A THIRD DEFENSE:**

69. The Complaint is barred, in whole or in part, by the applicable statute of limitations.

**FOR A FOURTH DEFENSE:**

70. The Complaint is barred, in whole or in part, by the failure to perform all conditions precedent to suit.

**FOR AN FIFTH DEFENSE:**

71. The Complaint is barred in whole or in part, by the doctrines of issue preclusion, claim preclusion, judicial estoppel or any combination of the doctrines.

### FOR A SIXTH DEFENSE

72.     The Complaint is barred, in whole or in part, by the doctrines of absolute immunity, qualified immunity, common law immunity, or judicial immunity or any combination of these doctrines.

### FOR A SEVENTH DEFENSE

73.     Any actions taken by Defendants concerning plaintiff's employment were taken for legitimate non-retaliatory reasons.

### FOR AN EIGHTH DEFENSE

74.     Any damages alleged in the Complaint were caused by plaintiff or plaintiff's own negligent or culpable conduct.

### FOR A NINTH DEFENSE:

75.     Upon information and belief, plaintiff failed, in whole or in part, to mitigate damages.

### FOR A TENTH DEFENSE:

76.     Defendants City and DOE are not subject to punitive damages.

### FOR AN ELEVENTH DEFENSE:

77.     Any alleged speech made by plaintiff regarding matters at his place of employment is not protected by the First Amendment because plaintiff was acting as a public employee speaking about matters of public concern under Garcetti v. Ceballos, 547 U.S. 410 (2007).

**WHEREFORE,** defendants request judgment dismissing the Complaint and denying all relief requested therein, that judgment be entered for defendants, and that defendants be granted costs, fees, and disbursements together with such other and further relief as the Court deems just and proper.

Dated:  New York, New York
        September 8, 2008

                                        Respectfully Submitted,

                                        **MICHAEL A. CARDOZO**
                                        Corporation Counsel of the
                                          City of New York
                                        Attorney for the Served Defendants
                                        100 Church Street, Room 2-111
                                        New York, New York  10007-2601
                                        (212) 788-0887
                                        jzinaman@law.nyc.gov


                                By:            /s/
                                            Jamie M. Zinaman
                                        Assistant Corporation Counsel

To:  **OFODILE & ASSOCIATES**
     Attorneys for Plaintiff
     498 Atlantic Avenue
     Brooklyn, NY 11217
     Att: Kathy Polias

08CV1837(CPS)(SMG)

| |
|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK |
| JOSEPH FIERRO,<br><br>                                                                          Plaintiff,<br><br>                    - against -<br><br>THE CITY OF NEW YORK, et al.<br><br>                                                                          Defendants. |
| **DEFENDANTS ANSWER** |
| **MICHAEL A. CARDOZO**<br>*Corporation Counsel of the City of New York*<br>Attorney for Served Defendants<br>100 Church Street, Room 2-107<br>New York, N.Y.  10007-2601<br><br><br>Of Counsel:  Jamie M. Zinaman<br>     Tel:         (212) 788-0887<br><br><br>File No.  2008-021511 |
| *Due and timely service is hereby admitted.*<br><br>New York, N.Y.  ........................................., 2008<br><br> ................................................................<br><br>Attorney for................................................................ |